Can the gentleman, I believe it's both gentlemen, can argue this case please step forward. Good afternoon, your honors. My name is Carl Mott. I'm with the Office of the State Appellate Defender on behalf of Mr. Bustamante. Assistant State's Attorney Noah Montague on behalf of the people. Would you mind? I'm sorry? Noah Montague. Gentlemen, this microphone does not amplify, it only records, so please keep your voices up nice and loud. Would you like to reserve any time for rebuttal? Just about four minutes. Okay, you may proceed. You both have 20 minutes. You do not need to use it all if you don't need it. Good afternoon, your honors. May it please the court. In this case, following an argument in a restaurant, an off-duty police officer shot Rene Bustamante in the leg after claiming that he saw Rene point a gun at him. After his jury trial, the state's evidence failed to prove beyond a reasonable doubt that Rene knew that the officer was engaged in his official duties at the time of his incident. In addition, there were a number of trial errors, which both individually and collectively denied Rene a fair trial. If his conviction is not reversed outright on the first argument, he is entitled to a new trial based on the other trial errors in this case. Notably, the state's brief has already conceded second-pronged plain error on the jury instruction issue. And the case law showed that second-pronged plain error on a jury instruction issue means a new trial. The state did not cite any case law where a jury instruction issue led to a reduction in the conviction as opposed to a new trial. I think I've only seen those on sufficiency arguments, that it might be sufficient to sustain that lesser included. And we'll ask the state about that. But, I mean, we do do that sometimes, but generally on sufficiency arguments. That's correct. The only case law I've ever seen where the court did reduce the conviction pursuant to Rule 615 was in sufficiency context, as Your Honor pointed out. This record is maybe the worst record I've ever seen. I mean, that's not the way it was put together. I mean, what happened? So, let's start with what was he convicted of? The sentencing order says he was convicted of count one, and he got three years, right? Your briefs say he got convicted of count one and count ten. Did he get convicted of count ten? Did count ten merge into count one? What happened? I believe that count one and count ten were both two different versions of aggravated assault. So, I believe both felonies, I thought count one was a misdemeanor. No, they were both class four felonies. Because count one included the firearm, or included something that enhanced it up to a felony. That's correct. It had the allegation that because it was a category one weapon, he was seeking to sentence it as a class four felony. So, it was a misdemeanor assault that could be elevated to a class three felony because a weapon was involved, right? A category one weapon. A category one weapon was involved. Yes. Elevating it from a misdemeanor to a felony, right? Yes. And the argument is that there was no instruction under Apprendi so that the jury could find beyond a reasonable doubt that the elevating factor was proven beyond a reasonable doubt, correct? Close, I would say. Excuse me there. Like I say, who knows? The way they charged it, they charged all felonies in the indictment was the class four version of the offense. It's not that they charged the misdemeanor and the felony. The only charges were the class four version of the offense. The state was only able to proceed on felony charges. Okay. They never asked for any lesser-included instructions, never asked for any lesser-included… So, what's the Apprendi issue? It's… You've got so much on the Apprendi issue, Your Honor, as the jury was not instructed on all of the elements of the charged offense. Well, isn't that part of Apprendi, an aggravating factor? Because you have the assault, which is a misdemeanor, but an assault with a weapon is a felony. The jury would have to find the felony, the weapon part of the offense, right? Yes. In order to convict and sentence him of the felony, yes. The jury would have to find all of the charged elements. And they were not instructed on that? Correct. And the state conceded the jury was not instructed on all of the… So, would that mean, then, that a misdemeanor lies because they weren't instructed on the felony aspect of it? That is the state's position, Your Honor. However, it is our position that the jury instructions also did not properly instruct on the misdemeanor. Okay. So, you're looking for a retrial on the whole case… Yes. …so that he can go back and be retried on a felony again, as opposed to taking the misdemeanor off the appeal because of the violation of the bad jury instructions. That's correct, Your Honor. It's our position that the case law does not support reducing a conviction from a felony to a misdemeanor, where the jury instructions were so problematic that we can't be sure what elements the jury actually filed in this case. So, you're not willing to accept the concession that a misdemeanor on the whole case would be a good resolution of this appeal and run the risk of another felony conviction? I don't think… A felony conviction on remand? I understand what you're saying. I don't think that's a position we can take at this stage in the litigation. That sounds more like a plea negotiation that could occur in the trial court where the parties can have arms-length negotiation and look at that. And at this point in the litigation… I mean, that's a fair position. Yeah, you're right. Our position is the State chose to proceed on only the Class 4 version of this offense and the jury instructions did not adequately convey the required elements to the jury. And essentially, he wants an opportunity to be acquitted in front of a properly instructed jury. And the State just asked him for a misdemeanor here, deprives him of his chance to have a jury who is properly instructed decide guilty or not guilty. I see. Can I raise with you another problem in the jury instructions that you did not directly raise but strikes us as potentially problematic? Is that, I don't know if you have the instruction in front of you, but it ends with if you find from your consideration of all the evidence that each one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty. And I believe the way the pattern instructions are written, it's of all the evidence that any of these propositions has not been proved beyond a reasonable doubt. Because the suggestion in this wording is that you can't find the defendant not guilty unless each of them has not been proved beyond a reasonable doubt. Whereas the absence of any one of them would require a not guilty verdict. Well, I guess I did not notice that, Your Honor. As you pointed out, there's kind of a lot going on with these jury instructions. I'm trying to figure out what was said, what should have been said. I guess I passed over that point. You were not the trial lawyer. I was not. The fact that we're having this conversation at all shows we just can't be confident in anything this jury did. Because these instructions were so confusing, so misleading, did not follow the statute, did not follow the IPIs. Was the jury instructed on both count one and count ten? Kind of. In essence, count one and count ten had basically the same elements. The wording of the two subsections of the statute are slightly different. But in practice, the four elements were exactly the same. But the jury was not instructed that they must find one and two and three and four, which is what would have been required to get the class four version of the offense. They were instructed that you can find him guilty if you find that he committed an assault, and either a deadly weapon or a police officer engaged in his official duties. And so it was not the all four that they needed. And then it also improperly combined police officer and official duties into a single element. When the IPIs dictate those are two separate elements for the jury to separately consider. I have to ask again because I don't know if you answered it. Did the jury come back and say we find him guilty of count one, we find him guilty of count two? No. The jury was given a general verdict form of guilty or not guilty, and they signed guilty. Do you have any case law that allows for a general verdict in a criminal case with multiple counts of an indictment? It's quite common in my experience, Your Honor, particularly when the state charges multiple versions of the same offense, it's actually quite common to just have a general you're guilty of this offense regardless of the different theory. It happens a lot in murder. The state can charge intentional and knowing and whatever, but all you see is a murder verdict form. The jury doesn't have to all agree it was intentional or all agree it was strong probability in the murder context. They just have to agree the offense was committed. And so it's quite common to have a general verdict form when there are multiple counts of the same offense presented to the jury. And in addition to the identified problems with the jury instructions, the court's response to the jury's questions and notes only served to add confusion to everything that was going on. And the bottom line is, Your Honors, in this case, with everything that was happening with these jury instructions, we simply cannot be confident in anything that the jury found. And so even as to that misdemeanor, again, because it was not properly instructed either, it would not be proper to reduce the conviction to that misdemeanor. Am I right, just to sort of shortcut some of this, the only disagreement between you and the state, because everybody agrees there was error in the jury instructions and it was plain error, and then maybe even more error is what you guys are focusing on, but the only disagreement as to whether it should be a misdemeanor or a new trial. Am I right that that's all we're arguing about right now? On the jury instruction issue, yes. Well, we're only sending him for one new trial. That's all you're asking for, right? Once he gets a new trial, it doesn't matter how many errors there were, right? That's correct. And that reminds me of a good point. If Your Honors were thinking about just reducing it to the misdemeanor, you would then have to go along and address the rest of these file errors to see if that misdemeanor trial was unfair, as we posit that it was. Because we believe the other issues entitled him to a new trial on their own, regardless of the jury instructions or the class of offense of which he was convicted. Indeed, we maintain that the evidence was insufficient on the official duties element and that his conviction should be reversed outright on that issue. Right. So he would have to address that no matter what. He would have to address that no matter what. And the other new trial issues would have to be addressed if we were considering only reducing it to the misdemeanor. If Your Honors have no other questions, I will reserve my time. Thank you. Good morning. May it please the Court. Assistant State's Attorney Noah Montague on behalf of the people in this matter. I should probably precondition my argument here by telling this Court that I will not be able to explain what happened in the jury instructions in this case. And you were not the trial lawyer? No. And the State is, as this Court already said, fully confessing error here, fully admitting that the jury instructions were just wrong in this case. So why shouldn't he get a new trial? You know, Your Honor, the State actually has no problem with sending this back for a new trial. Our concern was actually the concern Your Honor raised previously, which was, well, to us. The one difference I would say is that we looked at the, and you'll see on page I believe it's 33 of our brief, and we looked at it and thought that the jury instructions as stated did describe the misdemeanor, lesser included offenses. Obviously, counsel disagreed with that, and then Justice Mikva brought up a different point that neither of us had seen. But our solution of reducing the offense was just something that we thought was just in the circumstance and an expeditious result given the fact that this defendant has already served his jail sentence. He's already served his MSR. And so to send him back for a new trial would be to drag him back into the criminal justice system when he's already done with it. And, you know, then there's the other concern, which is, well, if we send him back and he's then properly convicted of the felony, wouldn't he then have a significant claim that, well, you know, I could have had the misdemeanor if things had gone differently in the appellate court? And so, you know, the State was concerned that perhaps there was. But did you ever raise that subject with counsel for the defendant? No. Did you try to call him up and say, you know, we worked this out? No. Do you think that's possible at this juncture? Yes, I would hope so, and I would definitely be amenable to such a thing. And that's something that I should have done previously. To be honest, you know, the State thought that reducing the conviction was the just thing to do in this case. Well, then you should talk to the person affected by that. Sure. Sure, and that would be a good thing to do, and the State most definitely can do that. And obviously, you know, the other solution that we at least brought up internally was that, well, perhaps when the case went back there could be some sort of negotiation or plea, which is what counsel also just said. But, you know, obviously a discussion could be had now as well. The one thing that the State would argue today is just to keep this brief in light of the circumstances, that the evidence here, the State does believe the evidence fully proved this defendant guilty. That this case is here because this defendant on Belmont in a, you know, busy thoroughfare on the north side of the city, double parked his car in the middle of the street, got out of the car, and pulled a gun and pointed it at a Chicago police officer. And because he did this on Belmont, it wasn't something that was done in secret. There was a car right behind him when he double parked, and there were two people in that car, a husband and wife. And they both saw him get out, and they both saw him go around the car. Now, the wife stated she was too scared to see what was in his hand. But the husband said, hey, I saw it, it was a gun, and they were in the car right behind him. And they fully corroborated the officer's testimony on what happened there during the assault. And their testimony was completely independent, completely unbiased. So whatever you may say about the officer's testimony, their testimony was completely unbiased. Can I just ask a question? Yes. Something I didn't understand. On page 23 of the brief, when we're talking about the defendant pretending he was not proven guilty beyond a reasonable doubt, this sentence, however, defendant was proven guilty of aggravated assault beyond a reasonable doubt, where he does not deny that he pointed a gun at a man he knew was a police officer. I don't get that he didn't deny it. I don't. Defendants don't have to deny it. No, no. Your Honor, the explanation is that it was poorly written. Okay, okay, that's fine. I just didn't get it. That's okay. With the rest of this brief, this isn't, you know, a brief. I look back on it, and I don't know. It's not my best work, I put it that way. The state was simply saying that he's only contesting the proof on the aggravating factor on appeal. He's not contesting the proof of the assault. He's contesting whether or not it was performing efficient duties. Right. There is any evidence that he was performing efficient duties. That's the point the state got, though, isn't it? That was a factual question. I don't think he's contesting the sufficiency of the evidence. No. Okay. So it's just poorly written. I apologize for that, Your Honor, and I will try to do better on the next brief. You know, they say bad cases make bad briefs. So what? Yeah, and this brief was written very helter-skelter because, you know. All right, go feed yourself up. You've conceded enough. Yes. As the state said, we have no problem with the retrial. I mean, the only concern would be that, you know, we are conceding that perhaps this should be a misdemeanor so we don't, you know, wouldn't want it to be unfair to the defendant. You know, obviously it would be his choice if he wants to try the case again. Sometimes people do make that choice, but sometimes they don't. What if we gave you 14 days to see if you could work something out? Yes. The people would be amenable to that if counsel would be. How about counsel would you, for your defense? Do you want me to speak to that? You don't have to commit to working anything out. You just have to let us know in 14 days whether you do or don't. And if you do or don't, then we'll issue an opinion. That's all. You don't have to commit to working things out. Just give you 14 days to send us, one of you send us a letter and say, please give us your opinion or please don't. We can certainly try. Isn't that all we're saying? Yeah. Okay. Do you want to say anything else? One brief point in response. The last part is in terms of the, you know, in the brief, we weren't only contesting the sufficiency of the evidence as to the efficient duty part, but we're certainly not conceding any of the other points. I understand. So there was testimony that he had gotten. It was very contested at times. Yes. Based on the standard of review on appeals of that most favorable, we chose to only challenge one of the elements, but we are certainly not conceding the presence of the others. Thank you, Your Honor. Mr. Monk, just so you're clear, what we're urging you to do is talk to the state's attorney, talk to your client, see if a resolution can be made to avoid a retrial on a felony count. I understand. I mean, there's a possibility. At this point, you don't know what we're going to do. I suppose we could reverse outright because that is one of the things you asked us to do. So you talk to your client and talk to the state and see if anything can be worked out, and if not, we will certainly not hold it against either party. We'll see what we can do. Thank you, Your Honor. All right. Just somebody send a letter to the clerk in 14 days and let us know. All right? Thank you both. And we will hear from you, and then you will hear from us shortly. Thank you. All right.